UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TYRONE WINCHESTER, | : | |
| | : | |
| Petitioner, | : | Criminal Action No.: 00-0252-19 (RMU) |
| | : | Civil Action No.:     04-1241 |
| v. | : | |
| | : | Document No.:        1566 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

MEMORANDUM OPINION

DENYING THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

I. INTRODUCTION

On February 12, 2002, the petitioner, Tyrone Winchester, pled guilty to unlawful distribution of heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(c). The court sentenced the petitioner to 144 months of incarceration on June 3, 2002. On July 20, 2004, the petitioner filed the instant motion for relief under 28 U.S.C. § 2255, arguing that his sentence violates his Sixth Amendment right to a trial by jury as understood in the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In particular, the petitioner asserts that the court impermissibly enhanced his sentence on the basis of a prior conviction. Because the petitioner entered his guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(c) and because the Supreme Court's holding in *Blakely* does not apply retroactively to § 2255 proceedings, the court denies the petitioner's motion.

## II.  BACKGROUND

The petitioner plead guilty to one count of distribution or possession with intent to distribute two kilograms of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  Plea Agreement (Feb. 11, 2002) ("Plea Agreement") ¶ 1.  In the plea agreement, the petitioner acknowledged that because he had two previous convictions for a controlled substance offense, the career offender provisions applied, resulting in a Guidelines sentencing range of 262 to 327 months.  *Id.*  The petitioner entered his guilty plea pursuant to a written plea agreement within the scope of Rule 11(e)(1)(c) (now Rule 11(c)(1)(c)).  According to the plea agreement, the petitioner also acknowledged that the maximum statutory term of imprisonment in connection with this charge was 30 years.  *Id.* ¶ 1.  The petitioner and the government agreed that a sentence of 144 months incarceration was appropriate.  *Id.* ¶ 3.

On June 3, 2002, the court sentenced the petitioner to 144 months of incarceration.  Order (June 3, 2002) at 1.  The petitioner did not appeal his sentence.  Subsequently, on March 23, 2004, the Supreme Court decided *Blakely v. Washington*, ruling that a sentence violates a petitioner's Sixth Amendment right to a jury trial when the facts supporting the sentence were neither admitted by a defendant nor found by a jury.  542 U.S. at 303-04.  Approximately four months later, the petitioner filed the instant motion, seeking reconsideration of his sentence in light of *Blakely*.  Pet'r's Mot. at 5.  The court now turns to the petitioner's motion.

### III.  ANALYSIS

### A. Legal Standard for a Motion Under § 2255

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence."  28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (noting that "[t]his statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court") (citing *United States v. Hayman*, 342 U.S. 205, 216-17 (1952)).  A petitioner can collaterally attack his sentence under section 2255 when the sentencing judge made an "objectively ascertainable error."  *King v. Hoke*, 825 F.2d 720, 724-25 (2d Cir. 1987) (citing *Addonizio*, 442 U.S. at 187).

The person seeking to vacate his sentence shoulders the burden of sustaining his

contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *accord Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Relief under section 2255, however, is an extraordinary remedy. *Addonizio*, 442 U.S. at 184; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

When a petitioner fails to raise an argument on direct appeal, he may raise his claim collaterally (that is, pursuant to § 2255) only if he can show cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show cause and prejudice for the procedural default, the petitioner must (1) demonstrate good cause for his failure to raise the issue on appeal, and (2) show that the issue he is raising caused actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kleinbart*, 27 F.3d 586, 590 (D.C. Cir. 1994). Although ineffective assistance of counsel may provide cause and prejudice for the procedural default, *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the claim of ineffective assistance is not itself subject to procedural default. *Massaro*, 538 U.S. at 504.

### B. The Court Denies the Petitioner's Motion to Vacate Sentence

The petitioner argues that the court's sentence violates his Sixth Amendment rights. Specifically, he argues that a jury did not determine, and he did not admit, the facts "legally essential to the sentence." Pet'r's Mot. at 1. For the reasons that follow, the court denies the petitioner's motion.

#### 1. The Petitioner's Motion is Time-Barred

Section 2255 actions are subject to a one-year statute of limitations. 28 U.S.C. § 2255. The one-year period of limitations begins to run on the date on which the judgment of conviction becomes final. *Id.* In this case, the petitioner's sentence became final on June 13, 2002, when

the time period filing a timely appeal expired.  FED. R. APP. P. 4(b)(1); *Moshier v. United States* 402 F.3d 116, 118 (2d Cir. 2005) (holding that for the purposes of § 2255 motions, a federal criminal judgment becomes final when the time for filing a direct appeal expires); *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004) (concluding that, for purposes of the § 2255 statute of limitations, an unappealed federal criminal judgment becomes final 10 days after it is entered).  The petitioner filed his § 2255 motion on July 20, 2004, more than two years after his conviction became final.  *Baylor v. United States,* 314 F. Supp. 2d 47, 51(D.D.C. 2004) (dismissing a § 2255 motion because petitioner did not file the motion within one year of the amended judgment).  Because the petitioner did not file his § 2255 claim until more than one year after his conviction became final, the motion is time-barred.

### 2. *Blakely* Does Not Apply On Collateral Attack

Although he does not explicitly argue it, the petitioner appears to assert that he is not bound by the one-year statute of limitations for § 2255 cases.  Under § 2255, petitions filed more than one year after the conviction are final are time-barred unless the Supreme Court has asserted a new right that is retroactively applicable to cases on collateral review.  28 U.S.C. § 2255.  The petitioner believes that the Supreme Court's 2004 decision in *Blakely* created a new right retroactively applicable to his case.[1]

---

[1] New constitutional rules of criminal procedure are not be retroactively applicable to cases which have become final before the new rules are announced.  *Teague v. Lane,* 489 U.S. 288, 310 (1989).  But, when the new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or when the new rule constitutes a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of a criminal proceeding, the new rule is retroactively applicable to final cases.  *Id.* at 311.  Here, the petitioner asserts that *Blakely* announced a watershed rule implicating fundamental fairness and accuracy of a criminal proceeding and thus is retroactively applicable.  Pet'r's Motion at 4.

In *Blakely*, the Supreme Court held that a sentence violates a petitioner's Sixth Amendment right to a jury when the facts supporting the sentence were neither admitted by the petitioner nor found by a jury. *Blakely*, 542 U.S. at 303-04. *Blakely*, however, is not retroactively applicable to cases on collateral review. *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006) (holding that the Supreme Court has not made *Blakely* retroactive within the meaning of § 2255); *In re Hinton*, 125 Fed. Appx. 317, 317 (D.C. Cir. 2005). Because *Blakely* is not retroactively applicable on collateral attack, the statute of limitations bars the petitioner's § 2255 claim.

### 3. The Rule 11(c)(1)(c) Plea Agreement is Binding on the Court

Assuming *arguendo* that the petitioner's claim was not time-barred, the court would nevertheless deny his petition because the conviction and sentence were based on a Rule 11(c)(1)(c) binding plea agreement. Once parties reach a binding plea agreement specifying that a specific sentencing range is the appropriate disposition of the case, the court is bound by the plea agreement after it accepts it. FED. R. CRIM. P. 11 (c)(1)(c); *United States v. Heard,* 359 F.3d 544, 548 (D.C. Cir. 2004) (stating that a sentence arising from a Rule 11(e)(1)(c) plea results from the agreement of the parties, which is binding on the court once it is accepted by the court). After accepting the agreement, the court is not free to alter the terms of the agreement simply because the defendant comes back to the court for re-sentencing. *United States v. Hemminger,* 1997 WL 235838, at *1 (7th Cir. May 2, 1997) (stating that "a sentence imposed following a plea under Rule 11(e)(1)(c) cannot be altered" ); *see also Meskel v. United States,* 2005 WL 1903375, *3 (D.D.C. July 13, 2005) (noting that the petitioner's declarations and signature on the plea

agreement certify that he reviewed each part of the plea agreement and indicate that his guilty plea was knowing and voluntary).

In the instant case, the petitioner asserts that the court sentenced him to 144 months for distributing 15 grams of heroin. Pet'r's Mot. at 1. He claims that although the maximum penalty for his crime was five years, the court enhanced his sentence by seven years based on his prior convictions. *Id*. at 1, 3. The petitioner's assertions, however, are not supported by the record. In the plea agreement signed by the petitioner, the petitioner admits that he distributed two kilograms of heroin. Plea Agreement ¶ 2. Thus, the petitioner's assertion at this juncture that he only distributed 15 grams of heroin contradicts the facts he admitted to in his plea agreement. Because the defendant's statements in his plea agreement are presumptively true, the defendant faces a formidable burden in showing that his sentence must be vacated under §2255 because his plea was not knowing and voluntary. *See Meskel,* 2005 WL 1903375, at *3.

Additionally, the plea agreement stated that the petitioner understood that because of his prior drug-related offenses, his current conviction exposed him to a 30-year term of incarceration, but the parties had agreed to a sentence of 144 months. Plea Agreement ¶1-2. Thus, the petitioner's contention that his crime carried a maximum penalty of 5 years is unsupported. 21 U.S.C. § 841 (b)(1)(c). Once the court accepted a plea agreement contemplating a sentence of 144 months pursuant to Rule 11(c)(1)(c), the court was bound by that plea agreement. *United States v. Ginyard*, 215 F.3d 83, 87 (D.C. Cir. 2000) (stating that a court cannot impose additional punishment that is not specified as part of the sentence in a Rule 11(e)(1)(c) plea agreement).

After the court imposes a sentence, the petitioner may set aside the plea only on direct appeal or collateral attack. FED. R. CRIM. P. 11(e). Here, the petitioner did not appeal his sentence. He can only attack collaterally now if he shows cause and prejudice. *Massaro v. United States,* 538 U.S. at 504 (2003) (stating that when a petitioner fails to raise an argument on direct appeal, he can raise his claim collaterally on showing cause and prejudice); *United States v. Addonizio,* 442 U.S. at 184 (stating that under § 2255, Congress simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case). As the petitioner here agreed that 144 months was an appropriate sentence, he fails to demonstrate prejudice. *Molina v. United States,* 2006 WL 1997384, at *3 (D.P.R. July 14, 2006) (concluding that the petitioner did not demonstrate prejudice when the court sentenced him pursuant to the terms of a plea agreement).

### IV. CONCLUSION

For the foregoing reasons, the court denies the petitioner's motion for post-conviction relief. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of March, 2007.

RICARDO M. URBINA
United States District Judge